# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | |
|---|---|
| EXCELL WEST, III | CIVIL ACTION NO.: 18-CV-00408 |
| VERSUS | JUDGE ELIZABETH FOOTE |
| KRYSTAL I. WEST, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

The Plaintiff, Excell West, III ("Plaintiff"), filed this action against Krystal West ("Krystal"), Hawkeye Lien Services ("Hawkeye"), and BMO Harris Bank, NA ("BMO"), alleging that they infringed on his property and took it without his permission. Now pending before the Court are three separate motions. Plaintiff has filed a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 against BMO. [Record Document 11]. Defendant Hawkeye has filed a Motion to Dismiss for lack of subject matter jurisdiction. [Record Document 18]. Defendant BMO has filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6) or alternatively, a Motion for a More Definite Statement pursuant to Rule 12(e). [Record Document 28]. These motions have been fully briefed.

For the reasons discussed below, the motions to dismiss filed by Hawkeye [Record Document 18] and BMO [Record Document 28] are hereby **GRANTED** and Plaintiff's claims are hereby **DISMISSED WITHOUT PREJUDICE**. Plaintiff's motion for summary judgment against BMO [Record Document 11] is hereby **DENIED AS MOOT**.

Because the Court lacks subject matter jurisdiction over Plaintiff's claims against Krystal, those claims are hereby **DISMISSED WITHOUT PREJUDICE**.

## BACKGROUND

Plaintiff Excell West, III, appearing *pro se*, filed suit in this Court against Krystal and Hawkeye. Record Document 1. Plaintiff claims that Krystal made a false contract with Hawkeye to exercise control over his property without his consent. *Id.* He asserts that they are "infringing and trespassing upon [his] property using a false document." *Id.* He claims that his Fourth and Fifth Amendment rights are being violated because he cannot enjoy his property and because his property has been taken without a contract and without payment. *Id.* Plaintiff seeks relief in the form of $500,000 or the return of his property. *Id.*

In response to this complaint, Magistrate Judge Hornsby issued a Memorandum Order, instructing Plaintiff to file an amended complaint that set forth facts establishing that this Court has jurisdiction over Plaintiff's claims. Record Document 3. The Memorandum Order stated that Plaintiff's amended complaint should (1) specify the law or legal theory that he relies upon to assert a claim, (2) set forth a short and plain statement of the facts that support such a claim, and (3) allege with specificity the state in which each defendant is a citizen. *Id.* at 1–2. The Memorandum Order also noted that Plaintiff listed BMO as a defendant on his civil cover sheet but did not mention BMO in the body of his complaint. *Id.* at 2. Plaintiff was instructed to clarify whether BMO is a defendant in this case, and if so, to state a claim against BMO and specify its citizenship. *Id.*

Plaintiff filed an amended complaint, stating that he brought this lawsuit under 28 U.S.C. § 1331, 28 U.S.C. § 1332, and 42 U.S.C. § 1983. Record Document 4, p. 1. Plaintiff claims that Krystal and Hawkeye/BMO[1] knowingly and intentionally took land that was donated to him by his

---

[1] Although Plaintiff and some of the attachments to his complaint refer to "Hawkeye Lien Services/BMO Harris," Hawkeye and BMO are not the same entity and are proceeding separately in this lawsuit.

father. *Id.* at 2. Although Plaintiff's claim is difficult to follow, he asserts that Krystal executed a contract in which she falsely claimed that Plaintiff's father, Excell West Jr., was her sibling. *Id.* According to Plaintiff, Krystal is the daughter of Excell West Jr.'s brother, Lorenzo West. *Id.* He states that Krystal deceptively executed a contract with "said corporation"—presumably Hawkeye/BMO—on November 12, 2015, "by stating that [his] father was a surviving heir and the brother of her sibling," when in fact his father died on October 13, 2013. *Id.* The property that this dispute centers around appears to be part of an inheritance from Plaintiff's grandmother, Alta Salone Green Polk. *Id.*; Record Document 4-1, pp. 2 & 5. Plaintiff attached several documents to his amended complaint, one of which reflects that an entity referred to as "Hawkeye Lien Services/BMO Harris" purchased a 1% interest in this disputed property on June 7, 2016, through a tax sale. Record Document 4-1, pp. 3–4.

Hawkeye filed an answer in which it denied all of Plaintiff's allegations of fact and asserted as affirmative defenses a lack of subject matter jurisdiction, insufficient process and service of process, and failure to state a claim upon which relief can be granted. Record Document 8, pp. 1–2. Plaintiff then filed a motion for summary judgment against BMO. Record Document 11. Plaintiff claims that because BMO[2] did not "file an answer, defend or file a pretrial motion" and did not show any genuine disputes of material fact, Plaintiff is entitled to summary judgment. *Id.* at 1 & 4. Hawkeye filed a motion to dismiss, arguing that Plaintiff fails to establish that this Court has jurisdiction. Record Document 18. BMO filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6), arguing that Plaintiff has failed to effect proper

---

[2] Plaintiff initially requested and was granted an Entry of Default against BMO. Record Documents 7 & 10. However, the Court has since granted BMO's Motion to Set Aside Default in which it claimed to have been improperly served. Record Documents 20 & 22.

service, failed to establish the Court's subject matter jurisdiction, and failed to state a claim upon which relief can be granted. Record Document 28.

## MOTIONS TO DISMISS

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001). Thus, the Court will begin by addressing Hawkeye's and BMO's argument that Plaintiff has failed to establish federal subject matter jurisdiction.

## I. 12(b)(1) Standard[3]

Motions filed under Federal Rule of Civil Procedure 12(b)(1) allow a defendant to challenge the subject matter jurisdiction of the court to hear a case. Because federal courts are courts of limited jurisdiction, subject matter jurisdiction must be based on the United States Constitution or additional rules promulgated by Congress. *Meadaa v. K.A.P. Enters. LLC*, 09-cv-1211, 2011 WL 13073685, at *2 (W.D. La. Sept. 14, 2011). If such jurisdiction is lacking, the case is properly dismissed. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). Furthermore, federal courts are bound to examine the basis of subject matter jurisdiction *sua sponte* and dismiss the action if they lack subject matter jurisdiction. *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008) (quoting *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004) (reversed on jurisdictional challenge not raised until appellate reply brief)). There are two main types of federal subject matter jurisdiction: federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity jurisdiction pursuant to 28 U.S.C. § 1332.

---

[3] Although Hawkeye's motion to dismiss does not mention Rule 12(b)(1), the Court will construe it as a motion dismiss under 12(b)(1) because Hawkeye argues that Plaintiff fails to demonstrate the existence of subject matter jurisdiction. Record Document 18.

As the party asserting jurisdiction, the plaintiff bears the burden of proof that jurisdiction exists. *Ramming*, 281 F.3d at 161.

## II.    Bases of Federal Subject Matter Jurisdiction

### a.    Federal Question Jurisdiction

Plaintiff's original complaint states that Krystal and Hawkeye are infringing upon his Fourth and Fifth Amendment rights by trespassing on his property using a false document and taking his property without a contract and without paying for it. Record Document 1. In his amended complaint, Plaintiff claims that he brought this lawsuit pursuant to multiple federal statutes, including 28 U.S.C. § 1331. Record Document 4, p. 1. In their motions to dismiss, Hawkeye and BMO argue that Plaintiff fails to establish federal question jurisdiction. *See* Record Documents 18 & 28. In a filing entitled "Objection and Rebuttle [sic] to the Defendant's Defenses," Plaintiff argues that this Court has subject matter jurisdiction over his claim because it arises under the Constitution and laws of the United States. Record Document 12, p. 1.

Section 1331 grants district courts original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, neither the Fourth nor Fifth Amendments to the United States Constitution apply to the conduct of private parties such as Defendants. *U.S. v. Runyan*, 275 F.3d 449, 457 (5th Cir. 2001) ("The Fourth Amendment proscribes only governmental action . . . ."); *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000) ("The Fifth Amendment applies only to violations of constitutional rights by the United States or a federal actor."). Plaintiff cannot bring claims of Fourth or Fifth Amendment violations against Defendants. Because Plaintiff's claims against Defendants are not viable constitutional claims, he has failed to establish federal question jurisdiction. *See* 28 U.S.C. § 1331.

For the same reasons he fails to establish federal question jurisdiction, Plaintiff also fails to state a claim under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States . . . ." *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff's amended complaint states that he brought this suit under § 1983 [Record Document 4, p. 1], but it does not reference the statute again. Plaintiff does not provide the Court with any facts regarding any claim that he seeks to bring pursuant to § 1983. Because the Court has no relevant information, it cannot evaluate this claim. Plaintiff fails to state a claim under § 1983.

b. Diversity Jurisdiction

A party seeking to establish diversity jurisdiction under 28 U.S.C. § 1332 must demonstrate complete diversity of the parties, meaning that all persons on one side of the controversy are citizens of different states from all persons on the other side of the controversy. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008); 28 U.S.C. § 1332(b). When federal jurisdiction depends on citizenship, citizenship must be "distinctly and affirmatively alleged." *Getty Oil Corp., v. Ins. Co. of North Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (quoting *McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)). "Failure adequately to allege the basis for diversity jurisdiction mandates dismissal." *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).

Other than to note that Hawkeye is "located in another state," Plaintiff's only reference to the citizenship of the parties in his original complaint is on his civil cover sheet. *See* Record Document 1. On his civil cover sheet, he indicated that the Court has diversity jurisdiction over this suit and checked a box indicating that he is a citizen of another state, one defendant is a citizen of Louisiana, and one defendant is incorporated and has its principal place of business in another

state. Record Document 1-1, p. 2. The civil cover sheet itself states that "the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of this court." *Id.* Nowhere in his complaint does Plaintiff name a state where any of the parties are citizens. Record Document 1. Despite Judge Hornsby's instructions that Plaintiff should specify the state in which each Defendant is a citizen, Plaintiff's amended complaint fails to mention the citizenship of the parties. *See* Record Document 4.

In response to Hawkeye's Answer [Record Document 8], Plaintiff filed a document entitled "Objection and Rebuttle [sic] to the Defendant's Defenses." Record Document 12. In this filing, Plaintiff argues that Hawkeye and BMO are in partnership and that they share a mailing address in Minneapolis, Minnesota, "according to the Parish of Caddo Sheriff's Office." *Id.* at 2. Plaintiff appears to be referencing a tax sale document showing that "Hawkeye Lien Services/BMO Harris" owns a 1% interest in the property at issue in this case. Record Document 4-1, p. 3. This document lists a Minnesota mailing address for Hawkeye Lien Services/BMO Harris. *Id.* Plaintiff repeats his assertion that Hawkeye[4] and BMO are citizens of Minnesota in his opposition to Hawkeye's motion to dismiss. Record Document 24, p. 5. However, this mailing address is not sufficient to establish the citizenship of Hawkeye or BMO.

First, Hawkeye is a partnership[5] whose citizenship is determined by the citizenship of each of its partners. *Int'l Paper Co. v. Denkmann Assoc.*, 116 F.3d 134, 137 (5th Cir. 1997). Plaintiff's original and amended complaints do not mention the citizenship of the partners that make up Hawkeye. Second, BMO is a national bank whose citizenship for diversity purposes is in the state

---

[4] In this filing Plaintiff also alleges that Hawkeye is a citizen of Iowa. Record Document 24, p. 5.
[5] Hawkeye states that it is a general partnership. Record Document 18-1, p. 2.

designated in its articles of association as its main office. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). Plaintiff has not attempted to identify the state in which BMO's main office is located. Lastly, this reference to a Minnesota mailing address in a later filing is not compliant with Judge Hornsby's instruction for Plaintiff to file an amended complaint that alleges with specificity the state in which each Defendant is a citizen. Record Document 3, p. 2.

Although Plaintiff's filings are to be liberally construed because he is proceeding *pro se*, this lenient standard cannot prevent his claims from being dismissed when the Court lacks jurisdiction. *Shafizadeh v. Guillory*, 14-1104, 2014 WL 4702609, at *2 (W.D. La. Sept. 22, 2014). This lenient standard cannot save Plaintiff's amended complaint, which ignored Judge Hornsby's instructions. *See* Record Documents 3 & 4. Plaintiff has failed to satisfy his burden of establishing diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff has also failed to establish federal question jurisdiction pursuant to 28 U.S.C. § 1331, and therefore his claims against Hawkeye and BMO are **DISMISSED WITHOUT PREJUDICE**. Because Plaintiff's claims against BMO are dismissed, Plaintiff's Motion for Summary Judgment against BMO [Record Document 11] is hereby **DENIED AS MOOT**.

## CLAIMS AGAINST KRYSTAL WEST

Krystal West has yet to appear in this lawsuit. Plaintiff moved for an entry of default against all Defendants,[6] claiming that none of them timely responded to his complaint. Record Document 7, p. 2. In his motion, Plaintiff claimed that Krystal had been properly served because Rick Turner of Turner & Associates mailed her the summons and because Plaintiff mailed her a copy of the

---

[6] As stated above, the Court entered and then struck an entry of default as to BMO after finding that it had not been properly served. Record Documents 10 & 22. Default judgment was not entered as to Hawkeye because it filed an answer on the same day Plaintiff moved for default. Record Document 8; *Docket Entry from June 12, 2018*.

complaint and proof of service. Record Document 7, p. 2. An entry of default was not filed as to Krystal because there was incomplete proof in the record that she had been served with the complaint. *See Docket Entry from June 12, 2018.* Putting aside the issue of Plaintiff's failure to properly serve Krystal, the Court finds that it lacks subject matter jurisdiction over Plaintiff's claims against Krystal for the same reasons it lacks subject matter jurisdiction over his claims against Hawkeye and BMO.

Federal courts are "duty-bound" to examine the basis of subject matter jurisdiction *sua sponte. Lane*, 529 F.3d at 565 (quoting *Union Planters Bank Nat'l Ass'n*, 369 F.3d at 460). A lack of subject matter jurisdiction may be raised at any time. *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). Federal Rule of Civil Procedure 12(h)(3) states that, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As stated above, Plaintiff's claims that Defendants, including Krystal, violated his Fourth and Fifth Amendment rights are brought against private parties and do not invoke federal question jurisdiction under 28 U.S.C. § 1331. This Court afforded Plaintiff notice of the jurisdictional defects of his complaint and the opportunity to amend his pleadings to affirmatively allege and establish diversity jurisdiction against all Defendants. Record Document 3. Plaintiff failed to rectify these jurisdictional defects in his amended complaint. *See* Record Documents 4. As such, the Court finds that due process is not violated by a *sua sponte* dismissal of Plaintiff's claims against Krystal. The Court finds that it lacks subject matter jurisdiction to maintain this action and dismissal is required. *Stafford*, 945 F.2d at 805; Fed. R. Civ. P. 12(h)(3). Plaintiff's claims against Krystal West are **DISMISSED WITHOUT PREJUDICE.**

## CONCLUSION

For the reasons stated above,

The Motions to Dismiss filed by Hawkeye [Record Document 18] and BMO [Record Document 28] are hereby **GRANTED**. Plaintiff's claims against Hawkeye and BMO are **DISMISSED WITHOUT PREJUDICE**.

Plaintiff's Motion for Summary Judgment against BMO [Record Document 11] is hereby **DENIED AS MOOT**.

Because the Court lacks subject matter jurisdiction over Plaintiff's claims against Krystal West, those claims are hereby **DISMISSED WITHOUT PREJUDICE**.

A judgment in accordance with this ruling will issue forthwith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana on this 28th day of January, 2019.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE